COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-282-CR

 

 

KYLE EDWARD ALEXANDER                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Pursuant to a plea bargain agreement, Kyle
Edward Alexander pleaded guilty to aggravated assault with a deadly
weapon.  On June 18, 2007, the trial
court placed him on five years=
deferred adjudication community supervision and, in the conditions of community
supervision attached to the AUnadjudicated
Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of
Sentence,@ ordered him to pay restitution
in the amount of $10,871.25 as a condition of his community supervision.  The State filed a petition to proceed to
adjudication on June 19, 2008, alleging that Alexander had violated four
conditions of his community supervision. 
Alexander pleaded Atrue@ to all
four violations.  The trial court found
that all four paragraphs of the petition were true, adjudicated Alexander
guilty, and sentenced him to ten years=
confinement.  The trial court=s
written judgment included an order that Alexander pay $10,311.25 in restitution.  Alexander appeals from the trial court=s
determination to proceed to an adjudication of guilt.

Alexander=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel reviewed the history of the case and detailed the evidence presented.  Counsel=s brief
and motion meet the requirements of Anders v. California[1]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.  See Mays
v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  This court
afforded Alexander the opportunity to file a brief on his own behalf, but he
did not do so.








 Once
an appellant=s court-appointed attorney files
a motion to withdraw on the ground that the appeal is frivolous and fulfills
the requirements of Anders, this court is obligated to undertake an
independent examination of the record.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 922B23.  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel=s brief
and the record.  The record shows that
after the trial court adjudicated Alexander=s guilt,
it did not include a restitution order in its oral pronouncement of Alexander=s
sentence.  Yet the trial court=s
written judgment adjudicating Alexander=s guilt
includes an order that he pay $10,311.25 in restitution. 








A trial court=s
pronouncement of sentence is oral, while the judgment, including the sentence
assessed, is merely the written declaration and embodiment of that oral
pronouncement.  See Tex. Code
Crim. Proc. Ann. art. 42.03, ' 1
(Vernon 2006) (providing that Asentence
shall be pronounced in the defendant=s
presence@).  When the oral pronouncement of sentence and
the written judgment vary, the oral pronouncement controls.  Taylor v. State, 131 S.W.3d 497, 500
(Tex. Crim. App. 2004); Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim.
App. 1998).  The rationale for this rule
is that Athe
imposition of sentence is the crucial moment when all of the parties are
physically present at the sentencing hearing and able to hear and respond to
the imposition of sentence.  Once he
leaves the courtroom, the defendant begins serving the sentence imposed.@  See Ex parte Madding, 70 S.W.3d 131,
135 (Tex. Crim. App. 2002).

When an accused receives deferred
adjudication, no sentence is imposed.  See
Davis v. State, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); Abron v.
State, 997 S.W.2d 281, 282 (Tex. App.CDallas
1998, pet. ref=d).  When the accused violates a condition of
community supervision, the court may proceed to adjudicate guilt and to assess
punishment.  Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(a) (Vernon 2006); Taylor,
131 S.W.3d at 499.  Thus, when guilt is
adjudicated, the order adjudicating guilt sets aside the order deferring
adjudication, including any previously imposed fines.  Taylor, 131 S.W.3d at 501B02
(noting that deferred adjudication differs in this regard from regular
probation, where a fine orally pronounced at sentencing survives revocation of
probation); Abron, 997 S.W.2d at 282.








In Abron, the order deferring
adjudication assessed a fine as a condition of community supervision.  997 S.W.2d at 282.  The judge later adjudicated the defendant=s guilt
and did not orally pronounce a fine, but he did include the fine in the written
judgment.  Id.  On appeal, the Dallas court modified the
judgment to delete the fine because it was not orally pronounced as part of the
defendant=s sentence.  Id.; see also Ex parte
Cavazos, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (holding that
restitution is punishment); Brown v. State, No. 02-08-00063-CR, 2009 WL
1905231, at *2 (Tex. App.CFort Worth July 2, 2009, no pet.
h.) (mem. op., not designated for publication) (holding that restitution is
punishment that is part of a defendant=s
sentence and, therefore, must be included in the trial court=s oral
pronouncement of sentence to be properly included in the written judgment).

Thus, here, the judgment adjudicating
Alexander=s guilt set aside the
unadjudicated judgment previously entered by the trial court that included as
an attached condition of his community service the requirement that he pay
restitution in the amount of $10,871.25. 
See Taylor, 131 S.W.3d at 502; Abron, 997 S.W.2d at
282.  And the trial court did not include
an order for restitution in its oral pronouncement of sentence upon
Alexander.  Because the requirement that
Alexander pay $10,311.25 in restitution is punishment and part of his sentence
in the judgment adjudicating his guilt, it must have been included in the trial
court=s oral
pronouncement of sentence to be properly included in the written judgment.  See, e.g., Taylor, 131 S.W.3d
at 502; Abron, 997 S.W.2d at 282. 
Thus, we reform the trial court=s
judgment to delete the language regarding the payment of restitution.  See Bray v. State, 179 S.W.3d 725, 726
(Tex. App.CFort Worth 2005, no pet.) (en
banc) (holding that an appellate court has the authority to reform a judgment
in an Anders appeal and to affirm that judgment as reformed).








Except for this necessary modification to
the judgment, we agree with counsel that this appeal is wholly frivolous and
without merit; we find nothing else in the record that arguably might support
an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 827B28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgment as modified.

 

SUE
WALKER

JUSTICE

 

PANEL: DAUPHINOT,
GARDNER, and WALKER, JJ.

 

PUBLISH

 

DELIVERED: November 12,
2009

 











[1]386 U.S. 738, 87 S. Ct.
1396 (1967).