

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00152-CR

CHRIS LEON WASHINGTON                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Chris Leon Washington pled guilty to indecency with a child, and the trial court assessed a $500.00 fine and placed him on five years' deferred adjudication community supervision. The State filed a petition to adjudicate, alleging that Appellant had violated conditions of his community supervision. Appellant pled "true" to the State's allegations, and the trial court found the allegations true, adjudicated Appellant guilty, and sentenced him to ten years'

---

[1]*See* Tex. R. App. P. 47.4.

confinement. The trial court's written judgment includes an order that Appellant pay $1,210.00 in "reparations." Appellant appeals the adjudication and sentence.

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. In the brief, counsel reviewed the history of the case and detailed the evidence presented. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referring to any grounds that might arguably support the appeal. 386 U.S. 738, 87 S. Ct. 1396 (1967); *see Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court gave Appellant the opportunity to file a brief on his own behalf, but he did not do so. Also, the State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 922–23. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. The record shows that after the trial court adjudicated Appellant's guilt, it did not include in its oral pronouncement of sentence any mention of the fine it had previously ordered when it originally placed Appellant on deferred adjudication. Yet the trial court's

2

written judgment adjudicating guilt includes an order that he pay $1,210.00 in "reparations." The clerk's record contains the trial court's itemization of the reparations. It indicates that $499.00 of the $1,210.00 the judgment lists as reparations is for "fines remaining."

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1 (West. Supp. 2011) (providing that "sentence shall be pronounced in the defendant's presence"). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

When an accused receives deferred adjudication, no sentence is imposed. *See Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). When the accused violates a condition of community supervision, the court may proceed to adjudicate guilt and to assess punishment. Tex. Code Crim. Proc. Ann. art.

3

42.12, § 5(a) (West Supp. 2011); *Taylor*, 131 S.W.3d at 499. Thus, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Taylor*, 131 S.W.3d at 501–02 (noting that deferred adjudication differs in this regard from regular probation, where a fine orally pronounced at sentencing survives revocation of probation); *Abron*, 997 S.W.2d at 282.

In *Abron*, the order deferring adjudication assessed a fine as a condition of community supervision, but the trial court did not orally pronounce a fine when adjudicating the appellant guilty. *Id*. On appeal, the Dallas Court of Appeals modified the judgment upon adjudication of guilt to delete the fine because it was not orally pronounced as part of the defendant's sentence. *Id*.

In *Alexander*, the order deferring adjudication included that the defendant pay $10,871.25 in restitution as a condition of community supervision. 301 S.W.3d 361, 362 (Tex. App.—Fort Worth, no pet.). The trial court later adjudicated Alexander's guilt but did not include a restitution order in its oral pronouncement of sentence. *Id*. at 363. This court then held that because the requirement that Alexander pay $10,311.25 in restitution was punishment and part of his sentence in the judgment adjudicating guilt, it should have been included in the trial court's oral pronouncement of sentence. *Id*. at 364 (citing *Taylor*, 131 S.W.3d at 502; *Abron*, 997 S.W.2d at 282). Because the trial court did not order payment of unpaid restitution in its oral pronouncement of sentence,

4

this court modified the judgment to delete the language regarding the payment of restitution. *Id*.

Similarly, here, because a portion of the requirement that Appellant pay $1,210.00 is made up of a previously assessed fine, that portion is punishment and part of his sentence in the judgment adjudicating his guilt, and it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See id*.; *see also Taylor*, 131 S.W.3d at 502; *Abron*, 997 S.W.2d at 282. Thus, we reform the trial court's judgment to delete the language regarding the payment of the portion of reparations that is made up of a previously assessed fine. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed). According to the trial court's itemization of the reparations that is part of the clerk's record, the amount of the previously assessed fine included in the total reparations is $499.00. Because only fines and restitution need to be orally pronounced to be included in the judgment, and the remainder of the reparations on the judgment is neither, we affirm $711.00 in reparations and modify the judgment to delete $499.00 from the reparations listed on the judgment. *See Abron*, 997 S.W.2d at 282; *see also Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (holding that restitution is punishment); *Brown v. State,* No. 02–08–00063–CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet) (mem. op., not designated for

publication) (holding that restitution is punishment that is part of a defendant's sentence and, therefore, must be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment).  Except for this necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.


                                        LEE GABRIEL
                                        JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 19, 2012