02-11-152-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00152-CR

 

 


 
 
 Chris Leon Washington
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Chris Leon Washington pled guilty to indecency with a child, and the trial
court assessed a $500.00 fine and placed him on five years’ deferred
adjudication community supervision.  The State filed a petition to adjudicate,
alleging that Appellant had violated conditions of his community supervision. 
Appellant pled “true” to the State’s allegations, and the trial court found the
allegations true, adjudicated Appellant guilty, and sentenced him to ten years’
confinement.  The trial court’s written judgment includes an order that
Appellant pay $1,210.00 in “reparations.”  Appellant appeals the adjudication
and sentence.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw and a brief in
support of that motion.  In the brief, counsel reviewed the history of the case
and detailed the evidence presented.  Counsel’s brief and motion meet the
requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no reversible
grounds on appeal and referring to any grounds that might arguably support the
appeal.  386 U.S. 738, 87 S. Ct. 1396 (1967); see Mays v. State, 904
S.W.2d 920, 922–23 (Tex. App.––Fort Worth 1995, no pet.).  This court gave
Appellant the opportunity to file a brief on his own behalf, but he did not do
so.  Also, the State did not file a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 922–23.  Only then may we grant counsel’s motion to withdraw.  See
Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed counsel’s brief and the record.  The record shows that
after the trial court adjudicated Appellant’s guilt, it did not include in its
oral pronouncement of sentence any mention of the fine it had previously ordered
when it originally placed Appellant on deferred adjudication.  Yet the trial
court’s written judgment adjudicating guilt includes an order that he pay
$1,210.00 in “reparations.”  The clerk’s record contains the trial court’s
itemization of the reparations.  It indicates that $499.00 of the $1,210.00 the
judgment lists as reparations is for “fines remaining.”

          A
trial court’s pronouncement of sentence is oral, while the judgment, including
the sentence assessed, is merely the written declaration and embodiment of that
oral pronouncement.  See Tex. Code Crim. Proc. Ann. art. 42.03, § 1
(West. Supp. 2011) (providing that “sentence shall be pronounced in the
defendant’s presence”).  When the oral pronouncement of sentence and the
written judgment vary, the oral pronouncement controls.  Taylor v. State,
131 S.W.3d 497, 500 (Tex. Crim. App. 2004); Coffey v. State, 979 S.W.2d
326, 328 (Tex. Crim. App. 1998).  The rationale for this rule is that “the
imposition of sentence is the crucial moment when all of the parties are
physically present at the sentencing hearing and able to hear and respond to
the imposition of sentence.  Once he leaves the courtroom, the defendant begins
serving the sentence imposed.”  See Ex parte Madding, 70 S.W.3d 131, 135
(Tex. Crim. App. 2002).

          When
an accused receives deferred adjudication, no sentence is imposed.  See
Davis v. State, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); Abron v.
State, 997 S.W.2d 281, 282 (Tex. App.––Dallas 1998, pet. ref’d).  When the
accused violates a condition of community supervision, the court may proceed to
adjudicate guilt and to assess punishment.  Tex. Code Crim. Proc. Ann. art.
42.12, § 5(a) (West Supp. 2011); Taylor, 131 S.W.3d at 499.  Thus, when
guilt is adjudicated, the order adjudicating guilt sets aside the order
deferring adjudication, including any previously imposed fines.  Taylor,
131 S.W.3d at 501–02 (noting that deferred adjudication differs in this regard
from regular probation, where a fine orally pronounced at sentencing survives
revocation of probation); Abron, 997 S.W.2d at 282.

          In
Abron, the order deferring adjudication assessed a fine as a condition
of community supervision, but the trial court did not orally pronounce a fine
when adjudicating the appellant guilty.  Id.  On appeal, the Dallas
Court of Appeals modified the judgment upon adjudication of guilt to delete the
fine because it was not orally pronounced as part of the defendant’s sentence. Id.

          In
Alexander, the order deferring adjudication included that the defendant
pay $10,871.25 in restitution as a condition of community supervision.  301
S.W.3d 361, 362 (Tex. App.––Fort Worth, no pet.).  The trial court later
adjudicated Alexander’s guilt but did not include a restitution order in its
oral pronouncement of sentence.  Id. at 363.  This court then held that
because the requirement that Alexander pay $10,311.25 in restitution was
punishment and part of his sentence in the judgment adjudicating guilt, it
should have been included in the trial court’s oral pronouncement of sentence. 
Id. at 364 (citing Taylor, 131 S.W.3d at 502; Abron, 997
S.W.2d at 282).  Because the trial court did not order payment of unpaid
restitution in its oral pronouncement of sentence, this court modified the
judgment to delete the language regarding the payment of restitution.  Id.

          Similarly,
here, because a portion of the requirement that Appellant pay $1,210.00 is made
up of a previously assessed fine, that portion is punishment and part of his
sentence in the judgment adjudicating his guilt, and it must have been included
in the trial court’s oral pronouncement of sentence to be properly included in
the written judgment.  See id.; see also Taylor, 131 S.W.3d at
502; Abron, 997 S.W.2d at 282.  Thus, we reform the trial court’s
judgment to delete the language regarding the payment of the portion of
reparations that is made up of a previously assessed fine.  See Bray v.
State, 179 S.W.3d 725, 726 (Tex. App.––Fort Worth 2005, no pet.) (en banc)
(holding that an appellate court has the authority to reform a judgment in an Anders
appeal and to affirm that judgment as reformed).  According to the trial
court’s itemization of the reparations that is part of the clerk’s record, the
amount of the previously assessed fine included in the total reparations is $499.00. 
Because only fines and restitution need to be orally pronounced to be included
in the judgment, and the remainder of the reparations on the judgment is
neither, we affirm $711.00 in reparations and modify the judgment to delete
$499.00 from the reparations listed on the judgment.  See Abron, 997
S.W.2d at 282; see also Ex parte Cavazos, 203 S.W.3d 333, 338 (Tex.
Crim. App. 2006) (holding that restitution is punishment); Brown v. State,
No. 02–08–00063–CR, 2009 WL 1905231, at *2 (Tex. App.––Fort Worth July 2, 2009,
no pet) (mem. op., not designated for publication) (holding that restitution is
punishment that is part of a defendant’s sentence and, therefore, must be
included in the trial court’s oral pronouncement of sentence to be properly
included in the written judgment).  Except for this necessary modification to
the judgment, we agree with counsel that this appeal is wholly frivolous and
without merit; we find nothing else in the record that arguably might support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim.
App. 2005).  Accordingly, we grant counsel’s motion to withdraw and affirm the
trial court’s judgment as modified.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 19, 2012









[1]See Tex. R. App. P. 47.4.