**Christopher Lamans ABRON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–97–00732–CR**

Court of Appeals of Texas, Dallas.

Nov. 30, 1998.

Katherine A. Drew, Asst. Crim. Dist. Atty., Dallas, for appellant.

Katherine Witt Spradlin, Asst. Dist. Atty., Dallas, for State.

Before Justices CHAPMAN, JAMES, and MOSELEY.

**OPINION**

RON CHAPMAN, Justice.

Christopher Lamans Abron appeals his conviction for engaging in organized criminal activity. The trial court initially granted appellant deferred adjudication for two years and assessed a $2000 fine as a condition of community supervision. After adjudicating appellant's guilt, the trial court orally pronounced a sentence of ten years' imprisonment, but did not orally impose a fine. The written judgment, however, includes a $2000 fine. In his sole point of error, appellant contends the trial court violated article 42.03 of the code of criminal procedure by not pronouncing sentence in appellant's presence. Appellant requests reformation of the trial

8. *See* Tex.R.App. P. 59.1.

court's judgment to delete the $2000 fine imposed in the written judgment.

■ In the context of the revocation of regular probation, the court of criminal appeals recently held that an unprobated fine, orally imposed at the original plea hearing, may be included in the judgment revoking probation even though the fine was not re-pronounced at the revocation hearing. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex.Crim.App.1998). Where, however, an accused receives deferred adjudication, there is no sentence imposed. *See Davis v. State*, 968 S.W.2d 368, 371 (Tex.Crim.App.1998); *Hammack v. State*, 963 S.W.2d 199, 200 (Tex.App.—Austin 1998, no pet.). The trial court's Judgment Adjudicating Guilt expressly sets aside the underlying deferred adjudication order and declares it to be "of no further force and effect." Accordingly, we conclude that the ultimate result of *Coffey* does not control the outcome of this case.

■ Appellant is entitled to have his sentence, including the assessment of any fines, pronounced in his presence. *See* Tex.Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp.1998); *Marshall v. State*, 860 S.W.2d 142, 143 (Tex.App.—Dallas 1993, no pet.). Where a conflict exists between the oral pronouncement and written memorialization of the sentence, the oral pronouncement controls. *See Coffey*, at 328. The record shows the trial court did not assess a fine as part of appellant's sentence following adjudication of guilt. We have the power to modify incorrect judgments when the necessary data and information is available to do so. *See* Tex. R.App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex.App.—Dallas 1991, pet. ref'd). Accordingly, we sustain appellant's point of error and modify the trial court's judgment to delete the $2000 fine. *See* Tex. R.App. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

We affirm the trial court's judgment as modified.