

**NUMBER 13-12-00069-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**DARRELL LYNN MILLER,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Darrell Lynn Miller appeals the trial court's judgment revoking his deferred-adjudication community supervision, arguing by three related issues that the trial court's inclusion of $750.00 in the "administrative costs" in the Judgment Adjudicating Guilt was improper. Appellant specifically complains that the trial court: (1) violated

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

article 42.03 of the Texas Code of Criminal Procedure by including a fine in the judgment without first orally pronouncing it in the appellant's presence; [2] (2) erred by including the fine as an administrative fee in the judgment without orally pronouncing; and (3) erred because the evidence was insufficient to support the fine.[3]  The State concedes error. We affirm, as modified.

## I.  BACKGROUND[4]

Appellant pleaded guilty to the offense of aggravated sexual assault of a child, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011).  The trial court deferred adjudication of the offense, placed appellant on community-supervision for ten years, and imposed a $750.00 fine.  The State subsequently moved to revoke appellant's community supervision, alleging violations of five community-supervision conditions.  After appellant pleaded "true" to four of the violations, the trial court revoked his community supervision and assessed punishment at sixty-five years' confinement in Texas Department of Criminal Justice, Institutional Division.

During its oral pronouncement of appellant's sentence, the trial court did not assess a fine.  Nonetheless, the trial court's judgment includes appellant's sixty-five year sentence and $5,440.00 in administrative fees, plus $1,365.00 in court costs, for a total of $6,805.  The Revocation Restitution/Reparation Balance Sheet for appellant shows that the $6,805.00 includes a $750.00 fine.

---

[2]  Article 42.03 section 1(a) states, in relevant part, that a "sentence shall be pronounced in the defendant's presence."  TEX. CRIM. CODE PROC. ANN. art. 42.03 §1(a) (West Supp. 2011).

[3]  We reordered appellant's three issues for organizational purposes.

[4]  Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

## II. UNANNOUNCED FINE

By three related issues, appellant contends that it was improper for the trial court to include the $750.00 fine in the judgment. Although the judgment does not specifically itemize a $750.00 fine, appellant argues that the "administrative fees" include a $750.00 fine because the $5,440.00 in "administrative fees" and the $1,365.00 in "court costs" cumulate to equal $6,805.00, which is the total balance for "ADMINISTRATIVE FINANCIAL OBLIGATIONS" recorded on the Balance Sheet. Given that the Balance Sheet specifically includes a $750.00 "fine," appellant avers that the "administrative fees" improperly included an unannounced fine.

The State agrees that the trial court erred by including a $750.00 fine in the administrative fee calculation because there was no mention of the fine in the trial court's oral pronouncement of the sentence. Both parties ask this court to modify the judgment by deleting $750.00 from the administrative fees in the judgment.

It is well-settled law that if a conflict between the oral pronouncement of a sentence and the written judgment arises, the oral pronouncement controls. *See, e.g., Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Equally established is the rule of law that a judgment of adjudication sets aside an antecedent order deferring adjudication, including any fines imposed therein. *See, e.g., Taylor*, 131 S.W.3d at 501–02; *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). After reviewing the record, we conclude that the administrative fees in the trial court's judgment improperly includes a $750.00 fine

that the trial court did not reference in its oral pronouncement of appellant's sentence. We sustain appellant's sole issue.

## III. REFORMATION OF JUDGMENT

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Taylor*, 131 S.W.3d at 502 ("Since the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated [at the revocation hearing], the court of appeals was correct to delete the fine from the judgment."); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (reforming judgment to delete the amount of restitution that was not orally pronounced at the conclusion of the defendant's revocation hearing).

## IV. CONCLUSION

We reform the judgment to delete a total sum of $750.00 from the "Administrative Fees" included in the judgment. We affirm the judgment, as modified.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of March, 2013.

4