ACCEPTED
06-14-00225-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/21/2015 3:28:54 PM
DEBBIE AUTREY
CLERK

*The State Requests Oral Argument*
*if Appellant Requests Oral Argument.*

**NOS. 06-14-00225-CR, 06-14-00226-CR, & 06-14-00227-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/21/2015 3:28:54 PM

DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA

---

**ELIZABETH MENDOZA,**
**Appellant**

**vs.**

**THE STATE OF TEXAS,**
**Appellee**

---

*On appeal from the Criminal District Court. No. 6*
*of Dallas County, Texas*
*Cause Nos. F12-61870-X, F13-34344-X, & F13-40734-X*

---

.

**STATE'S BRIEF**

---

.

**Counsel of Record:**

SUSAN HAWK
*Criminal District Attorney*
Dallas County, Texas

LARISSA T. ROEDER
*Assistant District Attorney*
State Bar No. 24010357
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3627 (*Phone*)
(214) 653-3643 (*Fax*)

*ATTORNEYS FOR THE STATE OF TEXAS*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................i

INDEX OF AUTHORITIES ............................................................................................ii

STATEMENT OF THE CASE ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................3

SUMMARY OF ARGUMENT .....................................................................................3

ARGUMENT....................................................................................................................3

**Response to Appellant's Sole Issue on Appeal**...............................................................3

> THE TRIAL COURT'S WRITTEN JUDGMENTS SHOULD BE
> REFORMED TO CORRECTLY REFLECT THAT APPELLANT'S
> PLEAS OF TRUE WERE ENTERED WITHOUT THE BENEFIT OF
> PLEA BARGAIN AGREEMENTS. ...........................................................................3

PRAYER ...........................................................................................................................5

CERTIFICATE OF SERVICE AND WORD-COUNT COMPLIANCE...........................5

# INDEX OF AUTHORITIES

**Cases**

*Abron v. State*,
   997 S.W.2d 281 (Tex. App.—Dallas 1998, pet. ref'd) ...................................................4

*Asberry v. State*,
   813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd) ...................................................4

*Bigley v. State*,
   865 S.W.2d 26 (Tex. Crim. App. 1993) ..........................................................................4

*Nolan v. State*,
   39 S.W.3d 697 (Tex. App.—Houston [1st Dist.] 2001, no pet.).....................................4

**TO THE HONORABLE COURT OF APPEALS:**

The State of Texas submits this brief in response to the brief of appellant, Elizabeth Mendoza.

## STATEMENT OF THE CASE

A grand jury issued an indictment in cause number F12-61870-X, charging appellant with aggravated assault with a deadly weapon. (CR.1:13).[1] On May 2, 2013, appellant pleaded guilty and was placed on two (2) years' deferred adjudication community supervision. (CR.1:35-36, 40-41). The State thereafter filed a motion to proceed to an adjudication of guilt. (CR.1:53-54). On November 13, 2014, appellant entered a non-negotiated plea of true to the allegations in the State's motion.[2] (CR.1:60). The trial court entered judgment adjudicating guilt and assessed punishment at six (6) years' imprisonment. (CR.1:56).

A grand jury issued an indictment in cause number F13-34344-X, charging appellant with possession of a controlled substance less than one gram. (CR.2:7). On July 2, 2014, appellant pleaded guilty to a lesser-included class A misdemeanor offense and, in accordance with a negotiated plea agreement, the trial court placed

---

[1] C.R.1 refers to the clerk's record in cause number F12-61870-X (06-14-00225-CR); CR.2 refers to the clerk's record in cause number F13-34344-X (06-14-00226-CR); and CR.3 refers to the clerk's record in cause number F13-40734-X (06-14-00227-CR).

[2] The clerk's records on appeal do not contain the second half of any of appellant's three plea agreements. The State has brought the matter to the attention of the clerk of the court, and has asked the District Clerk's Office to supplement the clerk's records on appeal with complete copies of appellant's November 13, 2014, plea agreement.

1

appellant on ten (10) months' deferred adjudication community supervision. (CR.2:19-22). The State thereafter filed a motion to proceed to an adjudication of guilt. (CR.2:36-37). On November 13, 2014, appellant entered a non-negotiated plea of true to the allegations in the State's motion. (CR.2:44). The trial court entered judgment adjudicating guilt and assessed punishment at one (1) year confinement in the county jail. (CR.2:38-39).

A grand jury issued an indictment in cause number F13-40734-X, charging appellant with unauthorized use of a motor vehicle. (CR.3:11). On May 2, 2013, appellant pleaded guilty and on May 22, 2013, the trial court placed appellant on two (2) years' deferred adjudication community supervision. (CR.3:25, 34-36). The State thereafter filed a motion to proceed to an adjudication of guilt. (CR.3:47-48). On November 13, 2014, appellant entered a non-negotiated plea of true to the allegations in the State's motion. (CR.3:53). The trial court entered judgment adjudicating guilt and assessed punishment at ten (10) months in the state jail. (CR.3:50-51).

## STATEMENT OF FACTS

The State filed motions to revoke appellant's deferred adjudication community supervision in three separate cases. Appellant entered a plea of true in each case without the benefit of a plea bargain agreement. The trial court adjudicated guilt and sentenced appellant to a term of confinement in each of the three cases. All three of the court's written judgments incorrectly reflect that the sentences imposed were based on negotiated plea agreements.

## SUMMARY OF ARGUMENT

This Court should reform the written judgment in each of appellant's cases to correctly reflect that appellant entered a plea of true in each case without the benefit of a plea bargain agreement.

## ARGUMENT

### Response to Appellant's Sole Issue on Appeal

THE TRIAL COURT'S WRITTEN JUDGMENTS SHOULD BE REFORMED TO CORRECTLY REFLECT THAT APPELLANT'S PLEAS OF TRUE WERE ENTERED WITHOUT THE BENEFIT OF PLEA BARGAIN AGREEMENTS.

The State agrees that the judgment in all three of appellant's convictions should be reformed to correctly reflect the appellant entered her pleas of true without the benefit of a plea agreement.

*Applicable Law*

Where the record contains the necessary information to do so, the court on appeal has the authority to modify incorrect judgments. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). "An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)).

**Application of Law to the Facts**

The record in each of appellant's cases reflect that appellant entered an "open plea" of true. The judgments, however, each incorrectly show a plea agreement to a term of confinement that matches the punishments actually imposed by the trial court. Because this Court has the information to do so, the State respectfully joins in appellant's request that the judgment in each of her three cases should be modified to show appellant entered an "open plea" to the allegations in the State's motions to proceed with an adjudication of guilt.

4

# PRAYER

The State prays this Honorable Court will reform the judgments in cause numbers F12-61870-X (06-14-00225-CR), F13-34344-X (06-14-00226-CR); and F13-40734-X (06-14-00227-CR), and affirm as modified.

Respectfully submitted,

SUSAN HAWK
*Criminal District Attorney*
State Bar No. 00791886
Dallas County, Texas

LARISSA T. ROEDER
*Assistant District Attorney*
State Bar No. 24010357
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3627 (phone)
(214) 653-3643 (fax)
larissa.roeder@dallascounty.org

# CERTIFICATE OF SERVICE AND WORD-COUNT COMPLIANCE

A copy of this brief has been served on Bruce Anton, attorney for appellant, 2311 Cedar Springs Road, Suite 250, Dallas, Texas 75201, via electronic mail at ba@sualaw.com on May 21, 2015. I further certify that this document contains 1,069 words, inclusive of all contents.

Larissa T. Roeder

5