ACCEPTED
06-15-00062-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/6/2015 12:29:27 PM
DEBBIE AUTREY
CLERK

No. 06-15-00062-CR

IN THE COURT OF APPEALS

FOR THE SIXTH APPELLATE DISTRICT

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/6/2015 12:29:27 PM
DEBBIE AUTREY
Clerk

BILLY JOE WALDROUP,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

APPELLANT'S BRIEF

On appeal from Cause No. 44403-B

in the 124th District Court

Gregg County, Texas

Robert Lee Cole, Jr.
409 N. Fredonia Street, Suite 101
Longview, TX 75601
SBOT: 04547800
903-236-6288 Phone
903-236-5441 Fax
rcolejd@gmail.com
Attorney for Appellant

Oral Argument is Not Requested

## IDENTITY OF PARTIES AND COUNSEL

Billy Joe Waldroup, Appellant
Gregg County Jail
101 E. Methvin Street, Suite 635
Longview, TX 75601

Robert L. Cole, Jr.
Appellant's Counsel on Appeal
409 N. Fredonia Street, Suite 101
Longview, TX 75601

Craig L. Bass
Appellant's Trial Counsel
440 N. Fredonia Street
Longview, TX 75601

Chris Parker
Trial Prosecutor
Gregg County District Attorney's Office
101 E. Methvin Street, Suite 333
Longview, TX 75601

Zan Colson Brown
Appellate Prosecutor
Gregg County District Attorney's Office
101 E. Methvin Street, Suite 333
Longview, TX 75601

Honorable Alfonso Charles
Presiding Trial Judge
124th District Court
101 E. Methvin Street, Suite 447
Longview, TX 75601

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………………… i

Table of Contents………………………………………………………………… ii

Index of Authorities…………………………………………………………... iii

Statement of the Case……………………………………………….. 1

Statement Regarding Oral Argument……………………………………….. 1

Issue Presented…………………………………………………………… 1

The trial court erred when it ordered appellant, who was determined to be indigent, to pay court appointed attorney's fees.

Statement of Facts…………………………………………………………… 2

Summary of the Argument………………………………………………... 3

Argument……………………………………………………………….. 3

Prayer………………………………………………………………………… 5

Certificate of Compliance………………………………………………. 6

Certificate of Service………………………………………………………… 6

# INDEX OF AUTHORITIES

CASES                                                                PAGE

*Abron v. State*, 997 S.W.2d 281 (Tex.App.-Dallas 1998) …………….   5

*Armstrong v. State*, 340 S.W.3d 759, 765-66 (Tex.Crim.App.2011) ….   4

*Bigley v. State*, 865 S.W. 26, 27-28 (Tex.Crim.App. 1993) ……………   4

*Cates v. State*, 402 S.W.3d 250 (Tex.Crim.App. 2013) …………………   4

*Martin v. State*, 405 S.W. 35 944, 946-47 (Tex.App.-Texarkana 2013, no pet.). …………………………………………………………………   4


**CODES, RULES AND CONSTITUTIONAL PROVISISIONS**

Tex. Code Crim.Pro. 26.05g …………………………………………   3

Tex.R.App.P. 43.2 ………………………………………………… 4,5

## STATEMENT OF THE CASE

On 4 December 2014, Appellant was charged in Cause No. 44403-B with Assault Family Violence by Impeding Breath or Blood, Tex. Penal Code 22.01 (b)(2)(B), alleged to have occurred on or about 11October 2014. (CR: p. 4). Appellant waived his right to a jury and entered a plea of guilty to the charge 23 March 2015 without the benefit of a plea bargain agreement and the case was ordered to be reset for a sentencing hearing. (CR: pp. 11-16) and (RR: Vol 2, pp. 6-15). On 15 April 2015 the Trial Court found appellant guilty, and after hearing evidence, sentenced Appellant to ten years confinement and further ordered appellant to pay all fines and costs, and restitution (CR: pp. 33-34). No motion for new trial was filed in this cause. Appellant timely filed his notice of appeal on 20 April 2015 (CR: p. 37). The Reporter's record was filed 16 June 2015. Appellant's brief is due on or before 16 July 2015.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## ISSUES PRESENTED

Issue No. 1- The trial court erred when it ordered appellant, who was determined to be indigent, to pay court appointed attorney's fees.

1

## STATEMENT OF FACTS

Billy Joe Waldroup, hereinafter referred to as "Waldroup" elected to enter a plea of guilty before the trial court on the charge of Assault Family Violence by Impeding Breath or Blood (RR: Vol. 2, pp. 6-7). The trial court admonished Waldroup as to the consequences of his plea including his waiver of a right to jury trial, the range of punishment, and the consequences of entering into an open plea. (RR: Vol. 2, pp 7-15).

At sentencing, the trial court inquired as to whether the case was given to continue as an open plea and Waldroup confirmed. (RR: Vol. 3, p. 4). Appellee, hereinafter referred to as "The State" rested and Waldroup then presented his case with the testimony of Waldroup himself with both direct and cross-examination. (RR: Vol. 3, pp.5-28).

Waldroup's trial counsel requested the Court to place Waldroup on a period of probation (RR: Vol. 3, p.30). The State also gave closing statements (RR: Vol. 3, 30-32). The State argued that "this could have been enhanced to a 2-to-20 based on his prior escape, he's lucky to walk out of here with 10 years' TDC, and I don't see why that's not what should happen to him." (RR: Vol. 3, p. 32).

The trial court then sentenced Waldroup 10 years confinement with costs assessed to include the repayment of court appointed attorney fees.

2

SUMMARY OF THE ARGUMENT

In the only issue, Appellant complains that the Honorable Judge Alfonso Charles improperly assessed court costs in addition to the period of confinement despite having previously determined that the defendant was indigent and without a finding that Appellant had financial resources that would enable him to offset the cash of legal services provided in violation of Texas Code of Criminal Procedure Art. 26.05(g).

ARGUMENT

In 30 October 2014 the trial court determined that Appellant was indigent and appointed counsel to represent him in the trial of this case (CR: pp. 18-19). The trial court again appointed counsel to represent Appellant on this appeal (RR: Vol. 3, p. 37).

Texas Code Criminal Procedure Article 26.05 (g) (West Supp. 2014) gives authority to a trial court to order the reimbursement of court appointed attorney fees only in such a case if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services

3

provided, including any expenses and costs."

There was no mention anywhere during the verbal pronouncement of sentence that Appellant had any financial resources at his disposal that enabled him to pay his court-appointed attorney fees. (RR: Vol. 4, pp. 32-35). Further, the verbal record is silent as to the payment of fines, costs, and court appointed attorneys fees.

The judgment, however, assesses attorney fees of $1062.50 and court costs of $314.00 and ordered appellant to "pay all fines, court costs, and restitution as indicated above." (CR: pp. 33-34).

The assessment for attorney's fees is unlawful, "because the ability to pay are critical elements necessary for a court to order payment for legal services provided *Armstrong v. State*, 340 S.W. 3d 759, 765-66 (Tex. Crim. App. 2011). The assessment of attorney's fees is therefore erroneous and requires removal. *Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *Martin v. State*, 405 S.W.3d 944, 946-47 (Tex. App.-Texarkana 2013, no pet.)

The Texas Rules of Appellate Procedure 43.2 provides many remedies for the Court of Appeals. Tex. R. App. P. 43.2(b) provides that the Court of Appeals may "modify the trial court's judgment and affirm it modified. See also *Bigley v.*

4

*State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 993) and also *Abron v. State,* 997 S.W.2d 281 (Tex. App.-Dallas 1998). While Tex. R. App. 43.2(d) provides the power to "reverse the trial court's judgment and remand the case for further proceedings.

PRAYER

Given that the trial court made no determination that Appellant had the ability to pay for his appointed counsel fees, appellant prays that this cause be reversed and remanded for new sentencing.

In the alternative, if this Honorable Court elects not to reverse and remand, Appellant requests the judgment be modified to remove the amount assessed for attorney's fees.

Respectfully Submitted,

/s/ Robert L. Cole, Jr.

Robert L. Cole, Jr.
SBOT: 04547800
409 N. Fredonia, Suite 101
Longview, TX 75601
903-236-6288 Phone
903-236-5441 Fax
rcolejd@gmail.com

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that this computer generated document contains 901 words as limited by Texas Rule of Appellate Procedure Rule 9.4.

/s/ Robert L. Cole, Jr.
ROBERT L. COLE, JR.
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of July 2015, a copy of the foregoing has been hand delivered to the Gregg County District Attorney's Office, 101 E. Methvin Street, Suite 333, Longview, TX 75601 with attention to Zan Colson Brown, Attorney for Appellee.

/s/ Robert L. Cole, Jr.
ROBERT L. COLE, JR.
Counsel for Appellant