Opinion filed April 29, 2016



In The

# Eleventh Court of Appeals

_____

No. 11-14-00144-CV

_____

**MATTHEW LEE LACEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 15182-B**

**M E M O R A N D U M   O P I N I O N**

On May 27, 2005, the jury found Matthew Lee Lacey guilty of the offense of burglary of a habitation with intent to commit theft. Appellant elected to have the trial court assess punishment, and on July 5, 2005, the trial court assessed punishment at confinement for a term of eight years and a fine of $500. The trial court suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for a term of eight years.

On August 17, 2011, after the State had filed numerous motions to revoke Appellant's community supervision, the trial court ultimately entered a judgment by

which it revoked Appellant's community supervision and sentenced him to confinement for six years.[1]  On August 19, 2011, the trial court issued an "Order to Withdraw Funds" from Appellant's inmate trust account with the Texas Department of Criminal Justice.  This type of order has been referred to in the statutes and case law as a withdrawal "notification."  *See* TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2015); *Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009).  The order contains a notation that a copy of the order was sent to Appellant.  On April 8, 2014, Appellant filed his pro se "MOTION TO CORRECT AND/OR TO RESCIND ORDER TO WITHDRAW FUNDS."  The trial court denied Appellant's motion on April 30, 2014.  We affirm.

In *Harrell*, the Texas Supreme Court held that a withdrawal notification in which the trial court directs prison officials to withdraw money from an inmate account pursuant to Section 501.014(e) is a civil matter.  *Harrell*, 286 S.W.3d at 317–18.  It is much like a garnishment action or an action to obtain a turnover order. *Id.* at 318–19.  The inmate's due process rights are satisfied if he receives notice of the withdrawal notification and an opportunity to contest the dollar amount and the statutory basis of the withdrawal in the form of a motion to rescind or modify the withdrawal notification. *Id.* at 320–21.  The trial court's disposition of such a motion creates an appealable order.  *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.).  We review a trial court's ruling on the motion under an abuse of discretion standard.  *Bretz v. State*, No. 11-13-00313-CV, 2015 WL 6511508, at *1 (Tex. App.—Eastland Oct. 22, 2015, no pet.) (mem. op.); *Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied).

In his first issue on appeal, Appellant argues that the trial court abused its discretion when it denied his motion to correct or rescind the order to withdraw to the extent that it relates to the $500 fine.  He takes the position that the $500 fine

---

[1]The trial court actually signed the written judgment on August 31, 2011.

referenced in the order to withdraw "has and had not been imposed and/or pronounced against the Appellant at the time of sentencing." As best we can understand Appellant's issue, he maintains that, when the trial court revoked his community service, it did not again sentence him as far as the fine is concerned. He further claims that, even so, there is a provision in the judgment, a punishment option, under which he is allowed to pay the fine when released from prison. Additionally, Appellant can be taken to contend that, after his community supervision was revoked, the judgment of the trial court contained nothing about a fine.

First, Appellant is incorrect when he takes the position that the fine was not referenced in the judgment that the trial court entered after his community supervision was revoked. The original judgment provided for a fine of $500 and confinement for eight years. The trial court suspended only the imposition of the confinement portion of the sentence; it did not suspend the imposition of the fine. When the trial court revoked Appellant's community supervision, it reduced the confinement portion of the sentence to a period of six years and imposed that sentence, and the judgment again referenced the $500 fine. We note that, in a case such as this one that involves regular community supervision, as opposed to deferred adjudication, the original fine is appropriately included in the judgment revoking community supervision. *Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). It is not necessary that the trial court re-pronounce the fine when it revokes regular community supervision. *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.— Dallas 1998, pet. ref'd). Furthermore, insofar as Appellant complains of error in the judgment of conviction or the judgment of revocation, we cannot address his complaint in this appeal. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011).

As far as that portion of Appellant's argument is concerned wherein he claims that the judgment allows him to wait until he is out of prison to pay his fine, he is incorrect. The judgment provides that, upon his release from prison, he is to report to the Taylor County Collections Department and pay or make arrangements to finish paying the unpaid balance remaining on his fine. To pay or to wait to pay is not a "punishment option" open to Appellant, as he appears to suggest.

We cannot say that the trial court abused its discretion when it denied Appellant's motion as it related to the withdrawal of funds in connection with the $500 fine. We overrule Appellant's first issue on appeal.

In his second issue on appeal, Appellant maintains that the trial court abused its discretion when it ordered the withdrawal of funds in connection with court costs. Appellant reiterates the claim that he made in connection with the fine: he could wait and pay the costs when he was released from prison. Again, this clearly is not an option for Appellant to choose but, rather, is a requirement that, when released, he was to contact the Taylor County Collections Department and either pay or make arrangements to pay the unpaid balance that remained due on the costs. Appellant also claims that the cost figure contains elements that reflect expenses that were not incurred by him or that are not "allowed under applicable law."

The first judgment that the trial court entered on July 5, 2005, contained the amount of the court costs. On September 7, 2011, Appellant was served with a "NOTICE OF JUDGMENT AND SENTENCE." The notice contained copies of the judgment and sentence, the bill of costs, and the order to withdraw funds. The amount of the court costs was again set out in each of five separate orders by which the trial court, at various times, amended the terms of Appellant's community supervision. The judgment by which the trial court finally revoked Appellant's community supervision also contained not only a statement as to the amount of the court costs, but also a detailed listing of the charges. The order to withdraw funds

4

also contained a statement as to the amount of the costs. Yet Appellant never objected to any of the items included in the bill of costs until some thirty-two months had passed after entry of the withdrawal order. Generally, a party must complain in the trial court before he will have preserved a complaint for appellate review. *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013). The requirement assumes, however, that the party had the opportunity to raise it there. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (the defendant did not allege that he did not have an opportunity to object when sentence was pronounced and, therefore, failed to preserve error). As we have outlined, Appellant missed many opportunities to object to the amount or makeup of the court costs. Appellant's complaints are criminal matters that cannot be raised in this appeal. *See Armstrong*, 340 S.W.3d at 766–67; *see also* TEX. CODE CRIM. PROC. ANN. art. 103.008 (West 2006). Further, on appeal, Appellant has not complained that he did not have an opportunity to timely raise a complaint about the court costs. We hold that Appellant has failed to preserve this issue for review. We overrule Appellant's second issue on appeal.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


April 29, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.