**Affirmed as Modified and Opinion Filed January 29, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-00500-CR
No. 05-17-00501-CR
No. 05-17-00502-CR
No. 05-17-00503-CR

**GABRIEL RAYO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-31103-U, F16-53860-U,**
**F16-53861-U, F16-76650-U**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Francis

Gabriel Rayo brings five issues asking this Court to reform the trial court's judgments in the above referenced causes. In his first four issues, appellant contends the judgments incorrectly state the amount of court costs in all four causes. In his fifth issue, appellant requests the judgment be reformed in trial court cause number F16-76650-U to accurately reflect the correct penal code provision under which he was adjudicated guilty. The State agrees the reformations requested by appellant should be made. After reviewing the record, we reform the trial court's judgments in all four causes, and affirm the judgments as modified.

Appellant was indicted in two causes for possession with intent to deliver a controlled substance. In the two other causes, appellant was indicted for assault of a public servant and

evading arrest using a vehicle. Appellant entered an open plea of guilty and judicially confessed to all charges. He also pleaded true to all alleged enhancement paragraphs. The trial court accepted appellant's pleas and rendered judgments of conviction in all four cases. Appellant was sentenced in each case to twenty years in prison with the sentences to run concurrently.

The imposition of court costs on a convicted defendant is mandated by statute where the punishment assessed is anything other than a fine. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Appellant does not challenge the assessment of costs against him. He contends only the amount of costs imposed by the judgments is not supported by the record because the certified bill of costs in each case reflects a different amount than the amount imposed. In cause number F15-31103-U, the trial court assessed costs in the amount of $309, but the bill of costs shows a balance due of $284. The judgment in cause number F16-53860-U assessed costs of $249 and the bill of costs shows a balance of $224. The assessed costs in F16-53861-U are $309 while the bill of costs shows a balance of $284. And, finally, the judgment in cause number F16-76650-U assesses costs of $299 and the bill of costs shows a balance of $274.

The certified bills of costs are the only basis in the records of each case for the imposition of costs against appellant. *See id*. art. 103.001. Appellant does not challenge the propriety of any of the costs in the bills. Accordingly, we agree with appellant and the State that the judgments in each case should be reformed to reflect the amount of costs listed in the certified bills of costs. We have the power to modify incorrect judgments when the necessary information is available to do so. See TEX. R. APP. P.43.2(b); *Bigley v.* State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Abron v.* State, 997 S.W.2d 281, 282 (Tex. App.—Dallas no pet.). We resolve appellant's first four issues in his favor.

In his fifth issue, appellant contends the judgment in cause number F16-76650-U inaccurately states the penal code section under which he was convicted. The judgment shows

appellant was convicted of the third degree felony offense of assault of a public servant. The

statute for the offense is listed in the judgment as section 22.01(b) of the penal code. Section

22.01(b) lists multiple ways in which the offense of assault may be committed such that it would

be classified as a third degree felony. TEX. PENAL CODE ANN. § 22.01(b) (West Supp. 2017).

Only subsection (b)(1) involves assault being committed against a "public servant." *Id*. §

22.01(b)(1). The State agrees with appellant that the judgment should more accurately state he

was convicted under section 22.01(b)(1). Such a change is properly done by reformation of the

judgment in this Court. *See Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991,

pet. ref'd); *Figueroa v. State*, No. 05-15-00387-CR, 2017 WL 2289031, at *4 (Tex. App.—

Dallas May 25, 2017, no pet.) (mem. op.). We resolve appellant's fifth issue in his favor.

Based on the foregoing, we modify the trial court's judgments in all four causes to reflect

the correct amount of court costs. We further modify the judgment in trial court cause number

F16-76650-U to more accurately reflect the statute under which appellant was convicted. As

modified, the judgments are affirmed.


/Molly Francis/
MOLLY FRANCIS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)

170500F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GABRIEL RAYO, Appellant

No. 05-17-00500-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-31103-U.
Opinion delivered by Justice Francis.
Justices Evans and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The amount listed under "Court Costs" is **MODIFIED** to read "$284."
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 29, 2018.

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GABRIEL RAYO, Appellant

No. 05-17-00501-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-53860-U.
Opinion delivered by Justice Francis.
Justices Evans and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
The amount listed under "Court Costs" is **MODIFIED** to read "$224."
As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered January 29, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GABRIEL RAYO, Appellant

No. 05-17-00502-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-53861-U.
Opinion delivered by Justice Francis.
Justices Evans and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The amount listed under "Court Costs" is **MODIFIED** to read "$284."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 29, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GABRIEL RAYO, Appellant

No. 05-17-00503-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-76650-U.
Opinion delivered by Justice Francis.
Justices Evans and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The amount listed under "Court Costs" is **MODIFIED** to read "$274." The statute listed under "Statute for Offense" is **MODIFIED** to read "22.01(b)(1) Penal Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 29, 2018.