**MODIFY and AFFIRM; and Opinion Filed August 8, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00759-CR**

**DARREIAN OWENS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1800300-H**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

A jury convicted appellant Darreian Owens of aggravated assault causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.02(a)(1). In a single issue, appellant asks this Court to modify the district court's judgment to correct two errors contained therein. The State agrees with appellant and also raises a cross-point in which it asserts that we should delete a misleading entry in the judgment. We agree with both appellant and the State. Accordingly, we modify the judgment and affirm it as modified.

## Background

Appellant's indictment contained two enhancement paragraphs, one for a prior felony conviction of harassment by person in a correctional facility[1] and the other for a prior felony conviction of attempted arson.[2] However, the State filed (i) a motion to strike these paragraphs and (ii) a notice of intent to enhance appellant's punishment range based on two different prior convictions, one for a prior conviction of robbery[3] and the other for a prior conviction of aggravated robbery.[4] *See id.* § 12.42 (statute pertaining to penalties for repeat and habitual felony offenders on trial for first, second, or third degree felony). The district court granted the State's motion to strike, and appellant pled "true" to the enhancements set forth in the State's notice of intent. The court accepted appellant's plea and found the enhancement paragraphs to be "true." The court then assessed appellant's punishment at twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## Errors in Judgment

The court's judgment was based on a standard felony judgment form promulgated by the Office of Court Administration. *See* TEX. CODE CRIM. PRO. ANN. art. 42.01, § 4 ("A court entering a felony [judgment] shall use the form promulgated under this section.").[5] Appellant notes that the court made two errors in filling in the blanks in the form judgment in this case. First, the judgment erroneously lists the "Statute of Offense" as section 22.01 of the Penal Code, *see* PENAL CODE ANN. § 22.01 (assault), rather than section 22.02, the correct listing, *see id.* § 22.02 (aggravated assault). Second, the judgment erroneously describes appellant's plea to the first and second

---

[1] *See* PENAL CODE § 22.11(a)(1), (d).

[2] *See id.* § 15.01 (criminal attempt), § 28.02 (arson).

[3] *See id.* § 29.02.

[4] *See id.* § 29.03.

[5] *See also* "Judgment of Conviction by Jury," Office of Court Administration, accessed August 5, 2019, http://www.txcourts.gov/media/1443173/judgment-of-conviction-by-jury.doc (copy of such form).

–2–

enhancement paragraphs, and to the court's findings on such paragraphs, as "N/A," rather than "True," the correct description.

We have the power to modify an incorrect judgment when we have the necessary data and information to do so, *see* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W. 2d 26, 27–28 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd), or to make any appropriate order as the law and the nature of the case may require, *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Based on the record before us, we sustain appellant's sole issue. We modify the judgment to describe the "Statute of Offense" as "22.02(a)(1) Penal Code." We also modify the judgment to describe appellant's plea to the first and second enhancement paragraphs, and to the district court's findings on such paragraphs, as "True."

**Misleading Entry**

The judgment also recites: "STATE'S MOTION TO STRIKE ENHANCED PARAGRAPHS GRANTED." The State's cross-point contends that this entry is not an affirmative finding authorized by statute to be included in the judgment, *see* CODE CRIM. PRO. art. 42.01, § 1(1)–(29) (listing items that a judgment must contain), nor is this entry included on the list, promulgated by the Office of Court Administration, of "Affirmative Findings and Special Orders for Felony Judgment Forms."[6] In addition, the State asserts that the foregoing entry, while accurate, is "factually incomplete" and that it "gives the appearance of an inconsistency on the face of the judgment." In the context of this record, we agree that the entry is misleading. Specifically, the statement in the judgment that the court "GRANTED" the "STATE'S MOTION TO STRIKE ENHANCED PARAGRAPHS" suggests that no enhancements remained, thereby calling into

---

[6] Office of Court Administration, accessed August 5, 2019, http://www.txcourts.gov/media/1443209/affirmative-findings-and-special-orders-for-felony-judgment-form.docx.

question the legality of appellant's sentence.[7] In reality, the stricken enhancements were replaced by those contained in the State's notice of intent to enhance appellant's punishment range, and the enhancements in the notice of intent are the ones to which appellant pled "true." Accordingly, we conclude that the entry should be stricken from the judgment to render it not misleading. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W. 2d at 27–28; *Abron*, 997 S.W.2d at 282; *Asberry*, 813 S.W.2d at 529. We sustain the State's cross-point.

## Conclusion

We modify the judgment of the district court as set forth above and affirm the judgment as modified.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

180759F.U05

---

[7] Specifically, appellant was charged with a second-degree felony, *see* PENAL CODE § 22.02(a)(1), (b), which, absent an enhancement, is subject to a range of two to twenty years' imprisonment, *see id.* at § 12.33(a). However, upon appellant's plea of "true" to the two enhancement paragraphs set forth in the State's notice of intent to enhance appellant's punishment range, he was subject to a range of twenty-five to ninety-nine years' imprisonment, *see id.* § 12.42(d).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARREIAN OWENS, Appellant

No. 05-18-00759-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1800300-H.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the judgment to (i) describe the "Statute of Offense" as "22.02(a)(1) Penal Code," and (ii) describe appellant's plea to the first and second enhancement paragraphs, and to the district court's findings on such paragraphs, as "True." We also strike the phrase "STATE'S MOTION TO STRIKE ENHANCED PARAGRAPHS GRANTED" from the second page of the judgment.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of August, 2019.