**AFFIRMED as MODIFIED and Opinion Filed March 5, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01534-CR**

**CRISTOFER KAMERONTRELL COLEMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1859332-T**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Following a jury trial, appellant Cristofer Kamerontrell Coleman was found guilty of one count of assault on a security officer. *See* TEX. PENAL CODE ANN. § 22.01(b)(4). Pursuant to appellant's written election, the trial court assessed punishment. In one issue, appellant contends that the trial court's judgment should be modified to show that he pled not guilty to the offense charged. The State agrees. In its cross-appeal, the State requests that we modify the judgment further to reflect that appellant made a written election that the trial court, not the jury, assess his punishment, and that the trial court did so.

We decide the parties' respective issues in their favor. We modify the trial court's judgment and affirm as modified.

## I. FACTUAL AND PROCEDURAL CONTEXT

Prior to voir dire, the State recited its final plea offer on the record. Appellant declined the offer, pled not guilty, and filed a written election that his punishment, if any, be assessed by the trial court rather than the jury. Voir dire then commenced, followed the next day by trial. The jury found defendant guilty of the crime charged, and the case proceeded to sentencing. Pursuant to appellant's written election, the trial court held a sentencing hearing. The trial court sentenced appellant to four years' confinement in the Institutional Division of the Texas Department of Criminal Justice, suspended the sentence, and placed appellant on four years' community supervision.

The trial court entered a Judgment of Conviction by Jury. The judgment states in part: (1) "Plea to Offense: GUILTY" and (2) "Punishment Assessed by: JURY." Also, under a heading titled "Punishment Assessed by Jury / Court / No Election (select one)" the option for "No Election" is selected.

## II. THE PARTIES' ISSUES

### A. *Standard of Review and Applicable Law*

A judgment must reflect the "plea or pleas of the defendant to the offense charged." TEX. CODE CRIM. P. art. 42.01, § 1(3). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when

it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified").

### B.    Application of Law to Facts

In his sole issue on appeal, appellant requests that we modify the judgment to show that he pled not guilty. The State agrees that we should make this modification.

The record reflects that the trial court admonished appellant, the indictment was read to him on the record, and the trial court asked appellant to enter his plea. Appellant unambiguously answered "Not guilty," as a result of which a jury was empaneled and a trial held. The judgment is therefore incorrect in stating that appellant pled guilty. We sustain appellant's sole issue and modify the judgment to reflect that appellant pled not guilty to the crime charged.

In two cross points, the State requests that we modify the judgment to show that appellant made a written request that punishment be assessed by the trial court, and that the trial court did indeed assess punishment.

The record reflects that appellant filed a written election that his punishment be assessed by the trial court, the trial court held a post-conviction sentencing hearing, and assessed appellant's punishment. The judgment is therefore incorrect

in stating that appellant made "No Election"[1] as to whether the trial court or the jury would assess his punishment, and that the jury assessed punishment. Accordingly, we modify the judgment to reflect that (1) appellant elected to have the trial court assess punishment, and (2) the trial court assessed punishment.

As modified, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

191534F.U05

---

[1] Page two of the judgment contains a section titled "Punishment Assessed by Jury / Court / No Election (select one)" followed by checkboxes for each selection. The checkbox for "No Election" is marked.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CRISTOFER KAMERONTRELL
COLEMAN, Appellant

No. 05-19-01534-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1859332-T.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We DELETE the statement "Plea to Offense: GUILTY" and REPLACE it with the statement "Plea to Offense: NOT GUILTY."

We DELETE the statement "Punishment Assessed by: JURY" and replace it with the statement "Punishment Assessed by: COURT."

We DELETE the "x" mark next to "No Election" under the heading "Punishment Assessed by Jury / Court / No Election (select one)" and ADD an "x" mark next to "COURT" under the same heading.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered March 5, 2021