**AFFIRMED as MODIFIED and Opinion Filed February 7, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00939-CR

**JEFFREY TYRONE WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-52568-M**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Goldstein

Appellant was charged with, pled guilty to, and was convicted of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. 22.02. In two issues, appellant contends that the judgment should be modified to reflect (1) the correct offense for which appellant was convicted and (2) the correct statute for the trial court's affirmative deadly weapon finding. The state agrees to both modifications and, in a cross-issue, requests that we further modify the judgment to reflect the correct subsection of the aggravated assault statute applicable to appellant's conviction. We modify the trial court's judgment and affirm it as modified.

## BACKGROUND

Appellant was indicted for the February 25, 2020 shooting of a man appellant contends robbed him. Appellant was indicted on charges of aggravated assault with a deadly weapon. At his October 22, 2020 arraignment, appellant entered an open plea of guilty. The trial court accepted appellant's guilty plea, convicted appellant, and orally pronounced his sentence as five years' imprisonment. The trial court also made an affirmative deadly-weapon finding on the record.

The same day, the trial court entered a Judgment of Conviction by Court. In the space for the offense for which appellant was convicted, the judgment states, "Aggravated Robbery with a Deadly Weapon." In the space provided for the statute of the offense, the judgment states, "22.02 Penal Code." Under "Findings on Deadly Weapon," the judgment states, "Yes, a firearm." Finally, in the space for special findings, the judgment states, in relevant part, that appellant "used or exhibited a deadly weapon, namely, a firearm, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited." That finding is followed by a citation to article 42.12, section 3G of the Code of Criminal Procedure.

## DISCUSSION

A judgment must reflect "[t]he offense or offenses for which the defendant was convicted" and "[a]ffirmative findings entered pursuant to Article 42A.054(c) or (d)." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13), (21). This Court "has the

power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified").

In his first issue, appellant requests that we modify the judgment to reflect he was convicted of aggravated assault. The State agrees. The record reflects that the trial court admonished appellant and asked appellant to enter his plea. Appellant unambiguously answered guilty to the charge of aggravated assault. The judgment is therefore incorrect in stating that appellant was convicted of aggravated robbery. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13). We sustain appellant's first issue and modify the judgment to reflect that appellant plead guilty to the charge of aggravated assault. *See Asberry*, 813 S.W.2d at 529.

In his second issue, appellant requests that we modify the judgment to reflect the correct statute for the trial court's affirmative deadly weapon finding. The judgment cites "TEX. CODE CRIM. PROC. ART. 42.12 §3G" for that finding. Article 42.12 of the Code of Criminal Procedure was repealed and replaced with Chapter 42A, effective January 1, 2017.[1] *See* Act of June 17, 2015, 84th Leg., R.S., ch. 770,

---

[1] Section 42A.054 has been amended twice since 2017, but neither amendment is relevant here. *See* Act of May 23, 2019, 86th Leg., R.S., Ch. 1137, § 1, eff. Sept. 1, 2019 (adding aggravated promotion of

§ 1.01, eff. Jan. 1, 2017. The record reflects that appellant committed the offense for which he was convicted on February 25, 2020. At that time, the statutes relevant to the trial court's entry of an affirmative weapon finding were sections 42A.054(c) and (d) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(c) (requiring the trial court to enter a deadly weapon finding in the judgment); TEX. CODE CRIM. PROC. ANN. art. 42A.054(d) (requiring the judgment to reflect whether the deadly weapon was a firearm). We therefore sustain appellant's second issue and modify the judgment to accurately reflect the statutes relevant to the trial court's affirmative deadly weapon finding. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(21); *Asberry*, 813 S.W.2d at 529.

In one cross-issue, the State requests that we modify the judgment to reflect the specific subsection of the aggravated assault statute for which appellant was convicted. Under section 22.02 of the Penal Code, an assault is enhanced to aggravated assault if the person committing it either: (1) "causes serious bodily injury to another, including the person's spouse," or (2) "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(1), (2). The indictment in this case charges appellant with aggravated assault with a deadly weapon. The trial court found appellant guilty of that crime and entered a deadly weapon finding. We agree with the State that the judgment's

prostitution and continuous trafficking of persons to the list of offenses for which community supervision is not available); Act of May 26, 2021, 87th Leg., R.S., Ch. 584, § 13, eff. Sept. 1, 2021 (adding manufacture of certain drugs to the list of offenses for which community supervision is not available).

–4–

"description of the statute of offense is not as precise as it could be." *See Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *5 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op., not designated for publication) (modifying statute-of-the-offense field in the judgment from "38.04 Penal Code" to "Penal Code § 38.04(a), (b)(2)(A)"). We sustain the State's cross-issue and modify the judgment to reflect that appellant was convicted under subsection (a)(2) of Penal Code section 22.02.

## CONCLUSION

We sustain the parties' issues and modify the judgment as follows:

(1) On page 1, under "Offense for which Defendant Convicted," we remove the word "Robbery" and replace it with "Assault";

(2) On page 1, under "Statute for Offense," we remove the words "22.02 Penal Code" and replace them with "Penal Code § 22.02(a)(2)"; and

(3) On page 2, under "Furthermore, the following special findings or orders apply," we remove the citation to "TEX. CODE CRIM. PROC. art. 42.12, § 3G" and replace it with "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c), (d)."

As modified, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
_____
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200939F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY TYRONE WILLIAMS, Appellant

No. 05-20-00939-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-52568-M. Opinion delivered by Justice Goldstein. Justices Molberg and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) On page 1, under "Offense for which Defendant Convicted," we **REMOVE** the word "Robbery" and **INSERT** "Assault" in its place;

(2) On page 1, under "Statute for Offense," we **REMOVE** the words "22.02 Penal Code" and **INSERT** "Penal Code § 22.02(a)(2)" in their place; and

(3) On page 2, under "Furthermore, the following special findings or orders apply," we **REMOVE** the citation to "TEX. CODE CRIM. PROC. art. 42.12, § 3G" and **INSERT** "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c), (d)" in its place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered February 7, 2022