**Affirmed and Opinion Filed June 2, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00211-CR
### No. 05-21-00212-CR
### No. 05-21-00213-CR

**VINCENT BARRON JACINTO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-30618-M, F17-30619-M, F17-30589-M**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Vincent Barron Jacinto appeals his convictions, following adjudications of his guilt, for possession of a firearm by a felon, possession of a controlled substance, and possession with intent to deliver a controlled substance; each offense was enhanced by a prior felony conviction. In two issues, appellant asserts the trial court imposed grossly disproportionate punishments in each case and erred by failing to afford him a common-law right of allocution. In a single cross issue, the State

requests that we make several modifications to the judgments. We modify the trial court's judgments and affirm as modified.

BACKGROUND

In October 2017, appellant entered open pleas of guilty to all three offenses and pleaded true to the enhancement paragraph alleged in each indictment. After considering evidence, the trial court accepted appellant's pleas, found the evidence substantiated a finding of guilt in each case, and found the enhancement paragraph in each case to be true. In each case, the trial court deferred adjudication and placed appellant on community supervision.

In 2019, the State filed a motion to revoke and proceed with adjudication of guilt in each case. Although appellant admitted he violated the terms of his community supervision, the trial court continued appellant on community supervision. In 2020, the State again filed a motion to revoke and requested the trial court adjudicate guilt in each case. Appellant pleaded true to the State's revocation allegations and, after hearing testimony from appellant and his grandmother, the trial court adjudicated appellant guilty of the offenses charged. Each offense was enhanced by a prior felony conviction. The trial court sentenced appellant to twenty years' confinement for possession of a controlled substance (cause number F17-30619-M) and unlawful possession of a firearm by a felon (cause number F17-30589-M); the court sentenced appellant to forty years' confinement for possession with intent to deliver a controlled substance (cause number F17-30618-M).

–2–

Appellant filed a motion for new trial in each case in which he raised both complaints that he raises on appeal; no hearing was held on the motions and they were overruled by operation of law.

LAW & ANALYSIS

### A.     Eighth Amendment

In his first issue, appellant argues the trial court imposed grossly disproportionate punishments in each case, thereby violating his right to be free from cruel and unusual punishment under the Eight Amendment. In response, the State argues the sentences are not grossly disproportionate to the offenses on which the sentences are based and, therefore, they do not violate the Eighth Amendment.[1] We agree with the State.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment." U.S. CONST. amend. VIII. Texas courts traditionally have held that so long as the punishment is within the range established by the legislature in a valid statute, the punishment assessed does not violate the federal prohibition against cruel and/or unusual punishment. *See Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972) ("[T]his court has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition."); *Hicks v. State*, No.

---

[1] The State does not argue that appellant failed to present the motions for new trial to the trial court and, therefore, has not preserved the complaint for appellate review. We will assume without deciding that appellant preserved his Eighth Amendment complaint.

05-20-00614-CR, 2021 WL 3042672, at *3 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication); *Grigsby v. State*, No. 05-19-00738-CR, 2020 WL 2847289, at *2 (Tex. App.—Dallas June 2, 2020. pet. ref'd) (mem. op., not designated for publication); *Hornsby v. State*, No. 05-18-00479-CR, 2019 WL 3315448, at *2 (Tex. App.—Dallas July 24, 2019, pet. ref'd) (mem. op., not designated for publication); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.)("[p]unishment assessed within the statutory range is not unconstitutionally cruel and unusual.").

A very narrow exception exists that an individual's sentence may constitute cruel and unusual punishment, despite falling in the statutory range, if it is grossly disproportionate to the offense. *Hicks*, 2021 WL 3042672, at *3 (citing *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3). To evaluate the proportionality of a sentence, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Id.* (citing *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3). When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Hicks*, 2021 WL 3042672, at *3; *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3. Only if gross disproportionality is found do we then compare the sentence to sentences

–4–

received for similar crimes in this and other jurisdictions. *Simpson*, 488 S.W.3d at 323. Although appellant's sentences fall within the statutory range for each offense, appellant argues his "cases fall into that group of exceedingly rare and extreme cases in which the sentences actually imposed constitute punishments that are grossly disproportionate to the crime and to Appellant as the perpetrator thereof."

The record shows appellant entered open pleas of guilty to all three offenses and pleaded true to the enhancement paragraph alleged in each indictment in October 2017. Approximately sixteen months later, in February 2019, appellant pleaded true to violating five conditions of his community supervision, including failure to report to his supervision officer. The trial court accepted his pleas of true and ordered appellant to successfully complete drug treatment at an intermediate sanctions facility (ISF). At the end of the hearing, the trial judge told appellant: "I can work with you on the [drug] relapse. . . . If you are not reporting, that presents a whole host of problems for you. . . . Don't jeopardize your future. Whether you relapse or not, report to your probation officer and let him know. As many times as you relapse, I will work with you. I am not going to send you to prison for relapse."

In March 2021, appellant appeared before the trial court again. However, at that time, he was charged in four new offenses: possession of a controlled substance, fraudulent possession of an identification, unlawful possession of a firearm by a felon, and aggravated robbery. Each of the new cases included one or two enhancement paragraphs, which alleged prior felony convictions. Appellant pleaded

guilty to each new charge and pleaded true to each enhancement paragraph. At the same hearing, appellant pleaded true to the State's allegations that he violated his community supervision, including by failing to report to his supervision officer and committing new criminal offenses. At the hearing, appellant testified that he used methamphetamines while participating in the ISF program and continued using afterward; he did not report to his supervision officer when he was released from ISF because he knew his drug tests would be positive.

Examining the record as a whole, we conclude it does not lead to an inference of gross disproportionality because the facts do not present a rare or extreme case. Rather, considering appellant's culpability and his other criminal offenses, we conclude the sentences imposed, which were within the statutory range, were not grossly disproportionate to the offenses. *Hicks*, 2021 WL 3042672, at *3. We overrule appellant's first issue.

### B. Common-Law Right of Allocution

In his second issue, appellant argues the trial court erred by failing to afford his common-law right of allocution[2] to him; he concedes the trial court afforded him his statutory right of allocution pursuant to Texas Code of Criminal Procedure 42.07. The State responds that appellant did not object to the trial court's alleged error and,

---

[2] We make no comment about whether a common-law right of allocution exists in Texas. In *Decker v. State*, No. 15-18-01259-CR, 2020 WL 614100 (Tex. App.—Dallas Feb. 10, 2020, no pet.) (mem. op., not designated for publication), this Court discussed the history of allocution rights in Texas. *Decker* stated: "Following the enactment of code of criminal procedure article 42.07, the questions of whether the statute encompassed the same scope as the former common-law practice, or, if not, supplanted any potential broader reach of the common-law right remained unanswered." *Id.* at *4.

thus, he failed to preserve the complaint for appellate review. We agree with the State.

The term "allocution" refers to a trial judge asking a criminal defendant to speak in mitigation of the sentence to be imposed. *See, e.g., McDonald v. State*, No. 05-20-00892-CR, 2021 WL 5917506, at \*2 (Tex. App.—Dallas Dec. 15, 2021, no pet.) (mem. op., not designated for publication). "But to complain on appeal of the denial of the right of allocution—regardless of whether it is statutory, or one claimed under the common law—a defendant must timely object." *See, e.g., Hicks*, 2021 WL 3042672, at \*1. In this case, after the trial court found the allegations in each case to be true and announced the sentences, the judge asked defense counsel whether there was "any reason at law why your client should not be sentenced at this time," and appellant's counsel replied: "No, Your Honor." Appellant did not request an opportunity to make a common-law allocution during the hearing, nor did he object to the trial court's failure to afford him this right. Although appellant raised his allocution complaint in his motion for new trial, "an appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not have the opportunity to object in the punishment hearing." *Burt v. State*, 396 S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013); *see also McDonald v. State*, 2021 WL 5917506, at \*3. Prior to sentencing, appellant had the opportunity to object that the trial court had denied his common-law right to allocution. Because appellant did not do so, he failed to preserve the issue for appeal. Accordingly, we overrule appellant's second issue.

–7–

### C.    Modifications to Judgments

In a single cross-issue, the State requests we make several modifications to each judgment.[3] This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

The State requests that we modify the judgments to show each offense was enhanced and correct the judgments to show appellant entered open pleas rather than pleaded guilty pursuant to plea bargains. Finally, the State asks that we add the notation "Court finds 1st Enhancement Paragraph True" to each judgment. We agree these modifications are supported by the record. Accordingly, we modify each judgment to show appellant entered open pleas rather than pleaded guilty pursuant to plea bargains, to show each offense was enhanced, and to show the trial court found the enhancement paragraph true in each case.

---

[3] The State also requests that we modify the Order of Deferred Adjudication in each case. While we recognize the error in each of those orders, once guilt was adjudicated, the orders deferring adjudication were set aside. *See Shortt v. State*, No. 05-13-01639-CR, 2018 WL 2042008, at *1 (Tex. App.—Dallas May 2, 2018, no pet.) (mem. op., not designated for publication) ("Thus, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication.") (citing *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd)). Because the orders deferring adjudication are no longer in effect, we decline to modify them as the State requests. *See Brown v. State*, No. 05-15-00374-CR, 2016 WL 1385730, at *1 (Tex. App.—Dallas Apr. 6, 2016, no pet.) (mem. op., not designated for publication).

CONCLUSION

We modify the trial court's judgments and affirm as modified.


/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210211f.u05
210212f.u05
210213f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VINCENT BARRON JACINTO,
Appellant

No. 05-21-00211-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1730618-M.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Offense for which Defendant Convicted" to state: "Manufacture/Delivery of Possession with Intent to Deliver a Controlled Substance 4G; To-Whit: Heroin, Enhanced."

Under the heading "Terms of Plea Bargain," we **DELETE** the words "40 Years TDCJ" and **ADD** the word "Open."

Under the heading "Furthermore, the following special findings or orders apply," we **ADD** the words "Court finds 1st Enhancement Paragraph TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 2nd day of June, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VINCENT BARRON JACINTO,
Appellant

No. 05-21-00212-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1730619-M.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Offense for which Defendant Convicted" to state: "Unlawful Possession of a Controlled Substance 1G, Enhanced"

Under the heading "Terms of Plea Bargain," we **DELETE** the words "40 Years TDCJ" and **ADD** the word "Open."

Under the heading "Furthermore, the following special findings or orders apply," we **ADD** the words "Court finds 1st Enhancement Paragraph TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 2nd day of June, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VINCENT BARRON JACINTO,
Appellant

No. 05-21-00213-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1730589-M.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Offense for which Defendant Convicted" to state: "Unlawful Possession of a Firearm by a Felon, Enhanced"

Under the heading "Terms of Plea Bargain," we **DELETE** the words "40 Years TDCJ" and **ADD** the word "Open."

Under the heading "Furthermore, the following special findings or orders apply," we **ADD** the words "Court finds 1st Enhancement Paragraph TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 2nd day of June, 2022.